IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01688-BNB

GERALD SENSABAUGH,

    Plaintiff,

v.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, and SUSAN JONES (Warden), Colorado State Penitentiary,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 20 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Gerald Sensabaugh, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. He filed *pro se* a civil rights complaint for injunctive relief pursuant to 42 U.S.C. § 1983, and other statutes. For the reasons stated below, the complaint will be dismissed.

The Court must construe the complaint liberally because Mr. Sensabaugh is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110.

Mr. Sensabaugh is a member of the class in *Montez v. Owens*, No. 92-cv-00870-EWN-OES, an action commenced pursuant to the Americans With Disabilities Act, 42 U.S.C. 12101, and the Rehabilitation Act, 29 U.S.C. § 794, on behalf of Colorado inmates suffering for particular disabilities. He complains that the DOC is

failing to comply with the Final Order of Special Master (docket number 1987) filed on May 23, 2006, in *Montez*. The Final Order of Special Master directed that Mr. Sensabaugh be provided with (1) a new, four-inch-thick mattress or egg-crate mattress, (2) new, proper fitting tennis shoes to wear, not requiring multiple pairs of socks to fix, and (3) $250.00. On September 30, 2008, the Honorable John L. Kane entered an order (docket number 3646) regarding the Final Order of Special Master in *Montez*, noting that Mr. Sensabaugh's claim had been fully adjudicated and that no additional filings by Mr. Sensabaugh would be considered by the Court.

Any disagreement Mr. Sensabaugh has about the DOC's compliance with the favorable rulings in the May 23, 2006, Final Order of Special Master must be directed to class counsel in *Montez*. Mr. Sensabaugh fails to provide any basis for an individual cause of action. The complaint and the action will be dismissed for lack of subject matter jurisdiction.

The Court notes that Mr. Sensabaugh has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Sensabaugh is cautioned that any future lawsuit he attempts to initiate pursuant to 28 U.S.C. § 1915 in this Court concerning the issue he raises in the instant

action will be dismissed. Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. **See Bailey v. Johnson**, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); **Van Meter v. Morgan**, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. **See Duhart v. Carlson**, 469 F.2d 471 (10th Cir. 1972).

Mr. Sensabaugh is cautioned further that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. **See** 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. **Green v. Nottingham**, 90 F.3d 415, 420 (10th Cir. 1996). Accordingly, it is

ORDERED that the complaint and the action are dismissed for lack of subject matter jurisdiction. It is

FURTHER ORDERED that the pending motions for sanctions, for the appointment of counsel, and for a trial by jury are denied as moot.

DATED at Denver, Colorado, this 20 day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01688-BNB

Gerald Sensabaugh
Prisoner No. 100656
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Chris W. Alber
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/20/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk